Territorial Law Library

FILED
SUPERIOR COURT
OF GUAM

'' ''' 15 PM 4: 38

CLERK OF COURT

P. _ _ _ _ _ _

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM**<br><br>vs.<br><br>**ARNOLD B. KITANO,**<br><br>Defendant. | ) **CRIMINAL CASE NO. CF499-08**<br>)<br>)<br>) **AMENDED DECISION AND ORDER**<br>) **(Defendant's Motion in Limine to Exclude**<br>) **Rule 404(b) Evidence and Rule 609**<br>) **Evidence; and Motion to Suppress**<br>) **Suggestive Identification)**<br>)<br>)<br>) |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on December 30, 2008, for a hearing on Arnold B. Kitano's ("Defendant") Motion to in Limine to Exclude Evidence and Defendant's Motion to Suppress Suggestive Identification. Attorney Stephen Hattori of Alternate Public Defender represented Defendant. Attorney Jeffery Moots appeared on behalf of the People of Guam ("the People"). Upon review of the evidence, oral and written arguments, and legal authorities presented by both attorneys, the court hereby issues this Decision and Order.

## BACKGROUND

On November 6, 2008, Defendant was indicted as follows: the first charge was First Degree Criminal Sexual Conduct (As a 1st Degree Felony); and the second charge was Second Degree Criminal Sexual Conduct (As a 2nd Degree Felony). Indictment at 1-2 (November 6, 2008).

People of Guam v. Arnold Kitano, CF499-08                                       Page 1 of 12
Decision and Order – Defendant's Motion in Limine
to Exclude Rule 404(b) Evidence and
Rule 609 Evidence; and Motion to Suppress Suggestive Identification

On December 15, 2008, Defendant filed a Motion in Limine to Exclude 404(b) evidence and Rule 609 evidence. Defendant's Motion in Limine at 1 (December 15, 2008). The Defendant asked the Court to exclude any evidence of prior bad acts that the victim or any other witness would testify to. Id. at 2. The Defendant also argued that any evidence of felony convictions that are more than ten years old be excluded. Id. at 2-3.

On December 17, 2008, Defendant filed a Motion to Suppress Suggestive Identification. Defendant's Motion to Suppress Suggestive Identification at 1 (December 17, 2008). The Defendant argued that the victim – Chun Ludwick ("Ludwick") – was given the opportunity to view Defendant alone, and not in a line up. Defendant argued that because the identification was suggestive a subsequent photo line up and any in court identification should be suppressed. Id. at 5.

On December 22, the People filed an Opposition to Defendant's Motion to Suppress and an Opposition to Defendant's Motion to Exclude. In their opposition to the motion to suppress, the People argued that Ludwick was never shown the Defendant for any purpose. People's Opposition to Defendant's Motion to Exclude at 2 (December 22, 2008). In their opposition to the motion to exclude, the People argued that prior sexual acts are allowed under Rule 413. People's Opposition to Defendant's Motion to Exclude at 2 (December 22, 2008).

On December 24, 2008, Defendant filed a Supplemental Memo in support of his previously filed Motion in Limine. Defendant's Supplemental Motion to Exclude at 1 (December 24, 2008). Defendant asked that Ludwick's statement about previously seeing Defendant masturbating in her business; Lili Wan's ("Wan") statement that Defendant masturbated in her store; and Zie Duenas' ("Duenas") statement that Defendant grabbed her and pulled out his penis be excluded based on Rules 413 and 403. Id. at 1-2. Defendant also

People of Guam v. Arnold Kitano, CF499-08                          Page 2 of 12
Decision and Order – Defendant's Motion in Limine
to Exclude Rule 404(b) Evidence and
Rule 609 Evidence; and Motion to Suppress Suggestive Identification

asked that prior sexual assaults allegedly committed by Defendant on July 25, 2001 and August 10, 2005 be excluded based on Rules 413 and 403. Id. at 3-4.

On December 29, 2008, the People filed a Opposition to Defendant's Supplemental Motion to Exclude. People's Opposition to Defendant's Supplemental Motion to Exclude at 1 (December 29, 2008). The People offer the statements of Ludwick, Wan and Duenas under Rule 404(b). Id. at 1-3. The People offer Defendant's statement of the August 10, 2005 incident is admissible under Rules 801(d)(2) and 804(b)(3). Id. at 3-4. The Court now addresses Defendant's Motion in Limine and Motion to Suppress.

## DISCUSSION

### I. Exclusion of Evidence Based on 404(b)

The Defendant argued that Ludwick, Wan and Duenas must be prevented from testifying of any other bad acts of the Defendant based on 6 G.C.A. § 404(b). Guam Rules of Evidence 404(b) bars the introduction of "other crimes, wrongs or acts" to prove that the accused acted in conformity therewith. 6 G.C.A. § 404(b). To be admissible under Rule 404(b), evidence of other crimes, wrongs, or acts must (1) must be relevant to an issue other than character or the propensity to act accordingly and (2) must satisfy Rule 403's balancing test, which requires that extrinsic evidence have probative value that is not substantially outweighed by unfair prejudice that might result from its admission. DiRico v. City of Quincy, 404 F3d 464, 467-468 (1st Cir. 2005) (evidence of other crimes, wrongs, or acts is admissible if it has "special relevance to an issue in the case such as intent, knowledge, or absence of mistake or accident, and must not include bad character or propensity as a necessary link in the inferential chain" and its danger of unfair evidence does not substantially outweigh its probative value). Rule 404(b) allows for the admission of evidence of other crimes, wrongs or acts to prove motive, opportunity, intent,

People of Guam v. Arnold Kitano, CF499-08                                                        Page 3 of 12
Decision and Order – Defendant's Motion in Limine
to Exclude Rule 404(b) Evidence and
Rule 609 Evidence; and Motion to Suppress Suggestive Identification

preparation, plan, knowledge, identity, or absence of mistake or accident. <u>Old Chief v. U.S.</u>, 519 U.S. 172, 196, 117 S.Ct. 644, 657 (1997).

The People bear the burden of establishing that the evidence: (1) proves a material element of the crime currently committed; (2) is similar to the charged conduct; (3) is based on sufficient evidence; and (4) is not too remote in time. <u>People of Guam v. Evaristo</u>, 1999 Guam 22, ¶ 11 (citing <u>United States v. Hinton</u>, 31 F.3d 817, 822 (9th Cir. 1994). A fifth and final consideration that the court must address is whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. 6 G.C.A. § 403; <u>see also</u> <u>Evaristo</u>, 1999 Guam 22 at ¶ 17.

**A. Ludwick's Testimony**

Defendant asked the Court to exclude Ludwick's testimony of Defendant's prior bad acts. <u>Defendant's Supplemental Motion to Exclude</u> at 1 (December 24, 2008). The People offered that Ludwick would testify of an encounter with the Defendant approximately three months prior to the October 13, 2008 rape, the Defendant smoked a cigarette and masturbated in her business. <u>Id</u>; <u>Motion Hearing</u> at 2:27 p.m. (December 30, 2008). The People argued that Defendant has raised the defense of mistaken identification on the part of Ludwick. <u>Id</u>. at 2; <u>Motion Hearing</u> at 2:28 p.m. (December 30, 2008). The People offered that Ludwick's testimony of her past encounter with the defendant goes to show not that she remembers and recognizes the Defendant. <u>Id</u>. The Court disagrees.

The Court determines that the People have not satisfied the test to admit 404(b) evidence based on the Supreme Court of Guam's holding in <u>Evaristo</u>. More particularly, the People are unable to demonstrate that Ludwick's testimony that Defendant masturbated in her business is similar to the charged conduct – the second prong of the <u>Evaristo</u> test to admit 404(b) evidence.

People of Guam v. Arnold Kitano, CF499-08                                      Page 4 of 12
Decision and Order – Defendant's Motion in Limine
to Exclude Rule 404(b) Evidence and
Rule 609 Evidence; and Motion to Suppress Suggestive Identification

Defendant is charged with First Degree Criminal Sexual Conduct. First Degree Criminal Sexual Conduct requires sexual penetration and the use of force or coercion. See 9 G.C.A. § 25.15. Defendant masturbating in Ludwick's business was not similar to the charge of First Degree Criminal Sexual Conduct because there was neither sexual penetration nor use of force or coercion. The Court Grants Defendant's Motion to Exclude Ludwick's testimony of a past bad act.

Defendant is also charged with Second Degree Criminal Sexual Conduct. Second Degree Criminal Sexual Conduct requires sexual contact and the use of force or coercion. See 9 G.C.A § 25.20. Defendant masturbating in Ludwick's business was not similar to the charge of Second Degree Criminal Sexual Conduct because there was neither sexual contact nor the use of force or coercion. The Court Grants Defendant's Motion to Exclude Ludwick's testimony of a past bad act.

### B. Wan's Testimony

Defendant asked the Court to exclude Wan's testimony of Defendant's prior bad acts. Defendant's Supplemental Motion to Exclude at 1 (December 24, 2008). The People offered that Wan will testify that Defendant was in her store around midnight on October 13, 2008, contrary to Defendant's assertion that he was at his mother's home. Motion Hearing at 2:32 p.m. (December 30, 2008). The People argued that Defendant intends to raised the defense of alibi. People's Opposition to Defendant's Supplemental Motion to Exclude at 2. The People offered that Wan would testify to a prior encounter with Defendant masturbating in her store for identification purposes only. The People argued Wan's identification would place Defendant in her store (located next door to Ludwick's business) and not at Defendant's mothers home. Motion Hearing at 2:32 p.m. (December 30, 2008). The People argued that Wan was able to

People of Guam v. Arnold Kitano, CF499-08                                    Page 5 of 12
Decision and Order – Defendant's Motion in Limine
to Exclude Rule 404(b) Evidence and
Rule 609 Evidence; and Motion to Suppress Suggestive Identification

identify Defendant as being present in her store the night of October 13, 2008 because she remembered that the Defendant from the prior incident, which he masturbated in her store. Id. at 2:33 p.m. The Court disagrees.

The Court determines that the People have not satisfied the test to admit 404(b) evidence based on the Supreme Court of Guam's holding in Evaristo. More particularly, the People are unable to demonstrate that Wan's testimony that Defendant masturbated in her store is similar to the charged conduct – the second prong of the Evaristo test to admit 404(b) evidence. Defendant is charged with First Degree Criminal Sexual Conduct. First Degree Criminal Sexual Conduct requires sexual penetration and the use of force or coercion. See 9 G.C.A. § 25.15. Defendant masturbating in Wan's store was not similar to the charge of First Degree Criminal Sexual Conduct because there was neither sexual penetration nor use of force or coercion. The Court Grants Defendant's Motion to Exclude Wan's testimony of a past bad act.

Defendant is also charged with Second Degree Criminal Sexual Conduct. Second Degree Criminal Sexual Conduct requires sexual contact and the use of force or coercion. See 9 G.C.A § 25.20. Defendant masturbating in Wan's store was not similar to the charge of Second Degree Criminal Sexual Conduct because there was neither sexual contact nor the use of force or coercion. The Court Grants Defendant's Motion to Exclude Wan's testimony of a past bad act.

**C. Duenas' Testimony**

Defendant asked the Court to exclude Duenas' testimony of Defendant's prior bad acts. Defendant's Supplemental Motion to Exclude at 1 (December 24, 2008). The People argued that Duenas' testimony goes to show the similarity in the modus operandi of Defendant. Motion Hearing at 2:37 p.m.; People's Opposition to Defendant's Supplemental Motion to Exclude at 3. The People offered that Duenas will testify that Defendant entered her business and inquired if

People of Guam v. Arnold Kitano, CF499-08                                      Page 6 of 12
Decision and Order – Defendant's Motion in Limine
to Exclude Rule 404(b) Evidence and
Rule 609 Evidence; and Motion to Suppress Suggestive Identification

anyone else was present. <u>Motion Hearing</u> at 2:36 p.m. (December 30, 2008). The People offered that Duenas would testify to a prior encounter with Defendant grabbing her and taking his penis out of his pants. <u>Id</u>. The People argued Duenas' identification would show a modus operandi of the Defendant. <u>Motion Hearing</u> at 2:32 p.m. (December 30, 2008). The Court disagrees with the People.

The Court determines that the People have not satisfied the test to admit 404(b) evidence based on the Supreme Court of Guam's holding in <u>Evaristo</u>. More particularly, the People are unable to demonstrate that Duenas' testimony that Defendant grabbed in her and while taking his penis out while in her store was similar to the charged conduct – the second prong of the <u>Evaristo</u> test to admit 404(b) evidence. Defendant is charged with First Degree Criminal Sexual Conduct. First Degree Criminal Sexual Conduct requires sexual penetration and the use of force or coercion. <u>See</u> 9 G.C.A. § 25.15. Defendant grabbing Duenas and taking out his penis while in her store was not similar to the charge of First Degree Criminal Sexual Conduct because there was no sexual penetration. Therefore, the Court will grant Defendant's Motion to Exclude Duenas' testimony of a past bad act.

Defendant is also charged with Second Degree Criminal Sexual Conduct. Second Degree Criminal Sexual Conduct requires sexual contact and the use of force or coercion. See 9 G.C.A § 25.20. Defendant grabbing Duenas and taking out his penis while in her store was not similar to the charge of Second Degree Criminal Sexual Conduct because there was no sexual contact. Therefore, the Court will grant Defendant's Motion to Exclude Duenas' testimony of a past bad act.

## II.     Rules 801(b)(2) and 804(d)(2) Hearsay Evidence Exception

People of Guam v. Arnold Kitano, CF499-08                                         Page 7 of 12
Decision and Order – Defendant's Motion in Limine
to Exclude Rule 404(b) Evidence and
Rule 609 Evidence; and Motion to Suppress Suggestive Identification

Defendant objects to two statements the Defendant made to the Guam Police Department during the investigation of other sexual offenses the Defendant was accused of. People's Opposition to Defendant's Supplemental Motion to Exclude at 3 (December 29, 2008). The People argued that the statements are admissible under Rule 801(d)(2). Under Rule 801(d)(2), an admission by party opponent is admissible if "the statement is offered against a party and is (A) the party's own statement, in either an individual or a representative capacity."

The People also argue that the statements made by Defendant are admissible under Rule 804(b)(3) – statement against interest. Under Rule 804(d)(3), "a statement which was at the time of its making . . . so far tended to subject the declarant to civil or criminal liability that a reasonable person in the declarant's position would not have made the statement unless believing it to be true." The Court agrees that under Rule 802(d)(2) and Rule 804(d)(3) the prior statements made by Defendant would be admissible. But there is an additional step the Court must apply when determining the admissibility of hearsay evidence. The Court must weigh the probative value of the evidence against the unfair prejudice to the defendant.

In U.S. v. Slaughter, 386 F.3d 401 (2nd Cir. 2004), the Second Circuit determined that evidence containing hearsay may be admissible not for its truth but as background information if "(1) the non-hearsay purpose by which the evidence is sought to be justified is relevant, and (2) the probative value of this evidence for its non-hearsay purpose is [not] outweighed by the danger of unfair prejudice resulting from the impermissible hearsay use of the declarant's statement." 386 F.3d at 403; G.R.E. Rule 403. Although the Court finds that the Defendant's statements are relevant, the Court determines that probative value of the of the Defendant's statements is out weighed by the danger of unfair prejudice. The Court finds that a jury may, even though given instructions against do so, use Defendant's statements as an admission of guilt

People of Guam v. Arnold Kitano, CF499-08                                   Page 8 of 12
Decision and Order – Defendant's Motion in Limine
to Exclude Rule 404(b) Evidence and
Rule 609 Evidence; and Motion to Suppress Suggestive Identification

in the present case. Therefore, the Court will grant Defendant's Motion to Exclude the introduction of Defendant's statements concerning prior sexual assaults that occurred in 2001 and 2005.

## III.    413 Evidence

Defendant sought to exclude an allegation of a prior sexual assault allegedly committed by Defendant on July 25, 2001 as contained in P.R. 01-11313 and an allegation of a prior sexual allegation allegedly committed by Defendant on August 10, 2005 as contained in P.R. No. 05-16588. Defendant's Supplemental Motion to Exclude at 1 (December 24, 2008). The People in its moving papers argue that they do not intend to offer neither P.R. 01-11313 nor P.R. No. 05-16588 will be offered as evidence. People's Opposition to Defendant's Supplemental Motion to Exclude at 4 (December 29, 2008). Therefore, the Court will not allow the introduction of the police reports under Rule 413.

The People only state that they will offer Defendant's statements of other sexual assaults. People's Opposition to Defendant's Supplemental Motion to Exclude at 3 (December 29, 2008). Although the People mainly offer the Defendant's statements of other sexual assaults under Rules 801(d)(2) and 804(b)(3), the People also make an argument that Rule 413 would allow the introduction of Defendant's statements of other sexual assaults. Under Rule 413, "[i]n a criminal case in which the defendant is accused of an offense of criminal sexual conduct, evidence of defendant's commission of another offense or offenses of criminal sexual conduct is admissible, and may be considered for its bearing on any matter to which it is relevant." The Court determines that under Rule 413 Defendant's statements may be relevant. See U.S v. LeMay, 260 F.3d 1018, 1027 (9th Cir. 2001). But additional step must be applied. Id. (citing United States v. Mound, 149 F.3d 799, 800-802 (8th Cir. 1998) (concluding that Rule 413 passes constitutional

People of Guam v. Arnold Kitano, CF499-08                                    Page 9 of 12
Decision and Order – Defendant's Motion in Limine
to Exclude Rule 404(b) Evidence and
Rule 609 Evidence; and Motion to Suppress Suggestive Identification

muster if Rule 403 protections remain in place); <u>United States v. Wright</u>, 53 M.J 476 (C.A.A F. 2000) (same); <u>Kerr v. Caspari</u>, 956 F.2d 788, 790 (8th Cir. 1992) (holding that a Missouri rule allowing for propensity inferences in sex crime prosecutions is constitutional as long as rule 403 test is applied)).

The Court must apply Rule 403's test before it allows the admissibility Defendant's Statements. The test under Rule 403 is although evidence is relevant, it "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." G.R.E. Rule 403. The Court finds that the probative value of Defendant's statements of past sexual assaults is outweighed by the danger of unfair prejudice and these statements may mislead a jury. While use of a prior bad act is prejudicial, the issuance of the proper limiting instruction can prevent that prejudice from being unfair. <u>Evaristo</u>, 1999 Guam at ¶ 17. The Court finds that a jury, even though given instructions not to do so, may still use Defendant's statements as an admission of guilt in the present case. The Court also finds that proving motive and intent may still be proven – without the introduction of Defendant's statements – by the testimony of the victim in the present case. Therefore, the Court will grant Defendant's Motion to Exclude the introduction of Defendant's statements concerning prior sexual assaults that occurred in 2001 and 2005.

## IV. Rule 609 Evidence

Defendant asked the Court to exclude evidence of any felony convictions under Rule 609. <u>Defendant's Motion in Limine to Exclude 404(b) Evidence and Rule 609 Evidence</u> at 2 (December 15, 2008). Defendant asked the Court to specifically prevent the People from introducing evidence of any of Defendant's felony convictions in 1997. <u>Id</u>. Under Rule 609, a

People of Guam v. Arnold Kitano, CF499-08                                                    Page 10 of 12
Decision and Order – Defendant's Motion in Limine
to Exclude Rule 404(b) Evidence and
Rule 609 Evidence; and Motion to Suppress Suggestive Identification

felony conviction over ten years old is not admissible. G.R.E. Rule 609. The People failed to include in their opposition a response to Defendant's Motion to Exclude Defendant's 1997 conviction. Therefore, the Court grants the Defendant's Motion to Exclude Defendant's 1997 conviction pursuant to Rule 609.

## V.      Suppression of Identification

Defendant asked the Court to exclude a photo line up identification and any in court identification as a result of a suggestive identification of Defendant by the victim – Ludwick. Defendant's Motion to Suppress Suggestive Identification at 3 (December 17, 2008). A court must determine under the "totality of the circumstances" that the identification was suggestive. Neil v. Biggers, 409 U.S. 188, 199, 93S.Ct 375 (1972). The factors to be considered in evaluating (1) the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime; (2) the witness' degree of attention; (3) accuracy of the witness' prior description of the criminal; (4) the level of certainty demonstrated by the witness at the confrontation; and (5) the length of time between the crime and the confrontation Id. The Court determines that no suggestive identification took place.

The People argued that Defendant was never shown to Ludwick either in person or through a closed circuit television – essentially arguing that there was no suggestive identification that took place on October 25, 2008. People's Opposition to Defendant's Motion to Suppress at 2 (December 22, 2008). The court agrees. Officer Manglona testified that he interviewed Ludwick at the Tumon precinct. Motion Hearing at 3:19 p.m. (December 30, 2008). Officer Manglona testified that the Defendant was never in the shown to Ludwick for identification purposes. Id. at 3:15 p.m. Officer Manglona also testified that Ludwick was not

People of Guam v. Arnold Kitano, CF499-08                                    Page 11 of 12
Decision and Order – Defendant's Motion in Limine
to Exclude Rule 404(b) Evidence and
Rule 609 Evidence; and Motion to Suppress Suggestive Identification

given the opportunity to view Defendant via closed circuit television for identification purposes in the Tumon Precinct. Id.

Officer Tapao testified that Defendant was placed in an interview room that contained a closed circuit camera. Id. at 3:24 p.m. Officer Tapao testified that he was in the interview room with the Defendant. Id. at 3:30 p.m. Officer Tapao testified that Ludwick was not shown a television monitor that displayed the Defendant, or taken to the interview room to show her the Defendant. Id. at 3:25 p.m. Officer further testified that at no time was Ludwick given an opportunity to view the Defendant. Id. The Court determines that no suggestive identification took place. Therefore, the Court will deny Defendant's Motion to Suppress Identification.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court **GRANTS** Defendant's Motion to Exclude the testimony of prior bad acts by Ludwick, Wan, and Duenas; Defendant's Motion to Exclude the introduction of Defendant's statements concerning prior sexual assaults that occurred in 2001 and 2005 pursuant Rules 801(d)(2) and 804(b)(3); Defendant's Motion to Exclude the introduction of Defendant's statements concerning prior sexual assaults that occurred in 2001 and 2005 pursuant to Rule 413; and Defendant's Motion to Exclude Defendant's 1997 conviction pursuant to Rule 609. **BUT DENIES** Defendant's Motion to Suppress Suggestive Identification.

**SO ORDERED** this _15_ day of _Jan_, 2009.

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam Dated at Hagåtña, Guam

JAN 15 2009

_James R. Borja_

_____
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

People of Guam v. Arnold Kitac...
Decision and Order – Defendant's Motion in Limine
to Exclude Rule 404(b) Evidence and
Rule 609 Evidence; and Motion to Suppress Suggestive Identification

Page 12 of 12